**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Norfolk Division**

| | | |
|---|---|---|
| **BERTHA LEE CUMMINGS,** | : | |
| | : | |
| **Pro Se Plaintiff,** | : | |
| | : | **Civil Action No. 2:06cv705** |
| **v.** | : | |
| | : | |
| **EQUAL EMPLOYMENT OPPORTUNITY** | : | |
| **COMMISSION,** | : | |
| **HERBERT BROWN, DIRECTOR,** | : | |
| **NORFOLK, VIRGINIA OFFICE,** | : | |
| | : | |
| **Defendants.** | : | |
| **_____** | : | |

**OPINION AND ORDER**

Plaintiff Bertha Lee Cummings brings this pro se action
against the Equal Employment Opportunity Commission ("EEOC") and
EEOC employee Herbert Brown in his official capacity as the
Director of the Norfolk, Virginia office.  Because a complaint
against an agency employee acting in his official capacity is
actually a complaint against the agency itself, Kentucky v.
Graham, 473 U.S. 159, 166 (1985), the Court hereafter refers only
to the EEOC when it speaks of "defendant."

The EEOC now moves for summary judgment or, in the
alternative, to dismiss the Complaint.  (Docket No. 6.)  Cummings
has responded (Docket No. 8), requesting, inter alia, that the
Court not grant the EEOC's motion because she is seeking counsel.
Because the Court's decision rests on grounds that no attorney
could remedy, the Court declines to accept Cummings's invitation

to delay ruling.  For the reasons set forth below, the Court **GRANTS** the EEOC's Motion to Dismiss and **DISMISSES** Cummings's Complaint **WITH PREJUDICE.**

### Facts and Procedural History

From 1987 to 1997, Cummings was a women's basketball coach at Virginia State University ("VSU") in Petersburg, Virginia. She was fired in 1997 and subsequently filed an EEOC charge against VSU, alleging gender discrimination.  The charge was resolved through mediation.

Cummings alleges that from September 2000 through December 2002, VSU personnel repeatedly harassed her by falsely accusing her of traffic violations and trespassing, impounding her car, improperly entering her home, and improperly searching her person.  She complained to a VSU administrator, who referred her to the EEOC.  However, Cummings waited approximately three years before taking any action.

Cummings filed a second charge with the EEOC on January 9, 2006 alleging that VSU retaliated against her for filing the 1997 EEOC charge.  The EEOC denied the charge on February 10, 2006 because it was not filed within 300 days of the end of the alleged retaliation.  The 300-day statute of limitations is mandatory.  <u>Venkatraman v. REI Sys., Inc.</u>, 417 F.3d 418, 420 (4th

Cir. 2005).

Cummings then brought suit in the United States District Court for the Eastern District of Tennessee, <u>Bertha Cummings v. Herbert Brown, Director of EEOC Norfolk, Virginia Office</u>, No. 1:06-cv-62 (E.D. Tenn.) (Mattice, J.) (the "Tennessee action"), requesting that the court direct the EEOC to investigate her retaliation claim despite her failure to file the charge in a timely fashion.  Cummings excused the delay by claiming illness during the 300-day statutory period for filing an EEOC charge.

By Order dated October 11, 2006, the court construed Cumming's Complaint as a Petition for Writ of Mandamus pursuant to 28 U.S.C. § 1361 and dismissed the Tennessee action for lack of mandamus jurisdiction.  Of particular relevance is the court's statement that "Plaintiff's request for a writ of mandamus is **DENIED,** and Plaintiff's complaint is **DISMISSED WITH PREJUDICE . . . .**" <u>Memorandum and Order</u>, Oct. 11, 2006, at 5, Case No. 1:06-cv-62 (E.D. Tenn.); (Docket No. 7, Ex. G.).

On December 7, 2006, Cummings filed a complaint in letter format in the Richmond Division of this Court.  <u>Bertha Lee Cummings v. Herbert Brown, Director, EEOC Norfolk, Virginia Office</u>, Civil Action No. 3:06cv746 (E.D. Va.) (Payne, J.) (the "Richmond action").  The Complaint and relief requested in the Richmond action were nearly identical to the Complaint and relief requested in the Tennessee action.  The only substantive addition

was a letter to Judge Payne explaining why plaintiff brought suit

in Richmond.[1]   Judge Payne subsequently issued an Order stating

"[because] the Court has no jurisdiction to grant the only relief

sought in the Complaint (extending the time within which to file

a Complaint with the [EEOC]), it is hereby ordered that the

action be and the same hereby is dismissed without prejudice to

such rights as Ms. Cummings may have at law otherwise."  (Docket

No. 7, Ex. L.)

Cummings filed the instant action on December 26, 2006.  Her

Complaint is virtually identical to those filed in the Tennessee

action and the Richmond action.  Although the present Complaint

does not include a letter similar to the one filed in Richmond,

it does attach a copy of Judge Payne's Order dismissing the case

on jurisdictional grounds.  This leads the Court to believe that

Cummings misunderstands the concept of subject matter

jurisdiction because she seems to believe that she must sue in

Norfolk because the defendant is located in Norfolk.

---

[1]The letter explained that "the Federal Court in my home
time [sic] would not give [the requested relief] to me because it
was out of their jurisdiction."  (Docket No. 7, Ex. K.)  Thus, it
appears that Cummings misunderstood the applicable concept of
jurisdiction by assuming that the Tennessee court lacked
jurisdiction in a territorial sense rather than a subject matter
sense, and so she filed suit in Virginia.

## __Analysis__

The EEOC bases its Motion to Dismiss on grounds of __res judicata__ and lack of subject matter jurisdiction.  The __res judicata__ argument, of course, centers on the preclusive effect of the previous action in Tennessee.  The subject matter jurisdiction argument focuses on this Court's inability to order the EEOC to perform an allegedly discretionary function.

At the outset, it is necessary to determine the exact nature of Cummings's claim and the relief she requests.  The Complaint states, in its entirety,

> I, Bertha Cummings am asking the court for a motion or give permission to the EEOC of Norfolk, Virginia to investigate a second charge that was filed against my former employer.  I became very ill and was not able to file with in the 300 day statutory period of the EEOC. I am asking the court for an extension concerning this matter.  Please find information supporting my case.

(Docket No. 3.)  The "information supporting [her] case" attached to the Complaint consists of the statement of facts from the Tennessee court's opinion, the January 9, 2006 EEOC charge, the February 10, 2006 EEOC Dismissal and Notice of Right to Sue, and copies of two orders from Judge Payne in the Richmond action.

Taken as a whole, Cummings's Complaint appears to ask this Court to direct the EEOC to disregard the 300-day filing period due to her illness during that time frame.  The EEOC, in its brief in support of its Motion to Dismiss, spends a fair amount

5

of time discussing the complaint as if it were a Title VII claim
alleging discrimination or retaliation by the EEOC.  This simply
cannot be the case.  First, the Complaint and the attachments
mention discrimination or retaliation only with regards to VSU.
In fact, the Complaint never alleges any improper or sinister
motive behind the EEOC's denial of the charge; rather, Cummings
simply seeks to have this Court waive the 300-day filing period.
Second, as the EEOC correctly points out, the EEOC may not be the
subject of a Title VII suit unless the plaintiff was an actual
EEOC employee.  Ward v. Equal Employment Opportunity Comm'n, 719
F.2d 311, 313 (9th Cir. 1983); Matterson v. Stokes, 166 F.R.D.
368, 371 (E.D. Va. 1996).  Thus, the Court does not view the
Complaint through a Title VII lense.

Having considered the Complaint, the Court can only conclude
that Cummings is seeking a Petition for a Writ of Mandamus
pursuant to 28 U.S.C. § 1361.  She is asking the Court to order a
federal agency to do something that it otherwise has declined to
do.  Having come to this conclusion, this Court must grant the
EEOC's Motion to Dismiss on the ground of res judicata.

Res judicata precludes relitigation of claims that were or
should have been decided on the merits in a previous case in a
court of competent jurisdiction.  Keith v. Aldridge, 900 F.2d
736, 740 (4th Cir. 1990).  The doctrine exists to ensure finality
of judgments and protect a defendant from repeated litigation of

6

the same claim.  Id.  The elements of res judicata are well

established and require (1) a final judgment on the merits in a

prior action, (2) identity of the cause of action in the past and

present action, and (3) identity of parties or their privies in

the two actions.  Id.

     The Tennessee court construed Cummings's action as one

seeking a Writ of Mandamus, as does this Court.  (Docket No. 7,

Ex. G, at 2-3.)  Thus, the causes of action are identical.  The

parties are also identical.  Finally, the Tennessee court, after

thorough analysis[2] of the availability of a Writ of Mandamus,

specifically denied Cummings' Petition and dismissed the

Complaint with prejudice.  (Docket No. 7, Ex. G, at 5.)  Thus,

the prior action was a final judgment on the merits.

---

     [2]Though not necessary for the invocation of res judicata,
this Court concurs with the Tennessee court's ruling that it did
not have jurisdiction to issue the Writ.  A Writ of Mandamus is
only available when a governmental agency refuses to perform an
act that the agency has a nondiscretionary duty to perform.
Ocean Breeze Festival Park, Inc. v. Va. Beach Policemen's
Benevolent Assoc., 853 F. Supp. 906, 915-16 (E.D. Va. 1994).  The
EEOC does not have a nondiscretionary duty to ignore the 300-day
statutory filing period.

## Conclusion

For the foregoing reasons, the Court **GRANTS** the EEOC's Motion to Dismiss (Docket No. 6) and this action is **DISMISSED WITH PREJUDICE.**

Plaintiff Cummings is **ADVISED** that she may appeal this Opinion and Order by sending a written notice of appeal to the Clerk of the United States District Court, Walter E. Hoffman United States Courthouse, 600 Granby Street, Norfolk, Virginia 23510.  This notice must be received within sixty (60) days of this Order.  Fed. R. App. P. 4(a).

Cummings is further **ADVISED** of the requirements of Federal Rule of Civil Procedure 11(b), which states that anyone who submits a Complaint or any other paper to the Court is certifying that the paper is not being presented for an improper purpose and that the claims are warranted and nonfrivolous.  A Complaint or paper that is found to be frivolous or presented for an improper purpose exposes the person submitting the Complaint or paper to sanctions, i.e. punishment.  Fed. R. Civ. P. 11(c).  Because this Court's, and the Tennessee court's, dismissal of the Complaint is with prejudice, any subsequent lawsuit regarding the EEOC's denial of the January 9, 2006 charge might be deemed frivolous in violation of Rule 11.

The Clerk is **DIRECTED** to forward a copy of this Order to plaintiff Cummings and counsel for the EEOC.


**IT IS SO ORDERED.**


_____/s/_____<br>
WALTER D. KELLEY, JR.<br>
UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
May 9, 2007